UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TODD DEAN GRAVES<br>3315 S. Lakeside Avenue<br>Springfield, MO 65804<br>(USCIS FILE NO.: A98 172 728)<br><br>　　　　Plaintiff<br><br>　　v.<br><br>JONATHAN SCHARFEN,<br>Acting Director<br>U.S. CITIZENSHIP &<br>IMMIGRATION SERVICES, in his<br>official capacity, as well as his<br>successors and assigns<br>20 Massachusetts Avenue, N.W.<br>Washington, D.C. 20529<br><br>　　and<br><br>MICHAEL CHERTOFF, Secretary<br>U.S. Department of Homeland Security,<br>in his official capacity, as well as his<br>successors and assigns<br>425 Murray Drive, S.W., Building 410<br>Washington, D.C. 20528<br><br>　　and<br><br>ROBERT S. MUELLER, III, Director,<br>Federal Bureau of Investigation,<br>in his official capacity,<br>as well as his successors and assigns<br>J. Edgar Hoover Building<br>935 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20535-0001<br><br>　　　　Defendants. | COMPLAINT FOR<br>DECLARATORY,<br>MANDATORY, AND<br>INJUNCTIVE RELIEF<br>UNDER 28 U.S.C. § 1361<br>AND UNDER THE APA<br>§§§ 702, 704, 706(1).<br><br>CIVIL ACTION NO.: |

## I. INTRODUCTION

1. This is a civil action brought to compel Defendants and those acting under them to adjudicate Plaintiff's Application to Register Permanent Residence or Adjust Status (Form I-485). Plaintiff's application for permanent residence was filed on or about January 28, 2005, and has remained pending since that date. As Defendants have failed to undertake their mandatory duty to render a decision on his application for adjustment of status to permanent residence after an extreme delay, Plaintiff seeks an injunction in the nature of mandamus from this Honorable Court compelling Defendants to adjudicate Plaintiff's application for permanent residence. 28 U.S.C. § 1361. Further, Plaintiff seeks to compel Defendants to adjudicate Plaintiff's application for permanent residence pursuant to the Administrative Procedures Act (APA) because Defendants have "unlawfully withheld or unreasonably delayed" adjudicating the adjustment application. 5 U.S.C. § 706(1).

## II.    JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1361 and § 1331. This action is filed in response to unreasonable agency delay and failure to act on Plaintiff's application for adjustment of status to permanent residence in violation of the APA, 5 U.S.C.A. § 702, § 704, and § 706(1), as well as the failure to perform the mandatory duty to adjudicate the application after an extreme delay, 28 U.S.C. § 1361. Venue is properly with this Court because all Defendants reside in their official capacity in Washington, D.C. Further, a substantial part of the events or omissions giving rise to the claim occurred within this judicial district. Therefore, venue is proper under 28 U.S.C. § 1391(e)(1) and (e)(2).

### III. PARTIES

3. The Plaintiff is an adult native and citizen of Canada who resides lawfully in the United States at 3315 S. Lakeside Avenue, Springfield, Missouri 65804.

4. The Acting Director of the USCIS, Jonathan Scharfen, is sued only in his official capacity, as well as his successors and assigns. The USCIS is headquartered at 20 Massachusetts Avenue, N.W., Washington, D.C. 20529. The USCIS is required to adjudicate immigrant visa petitions, as well as applications for permanent residence status under the Immigration and Nationality Act (INA).

5. The defendant, Michael Chertoff, is the Secretary of the U.S. Department of Homeland Security ("DHS"). He is sued in his official capacity, as well as his successors and assigns. The DHS oversees the operations of Defendants USCIS. DHS is headquartered at 425 Murray Drive, S.W., Washington, D.C. 20528.

6. Robert S. Mueller, III, is the Director of the Federal Bureau of Investigation, who is also sued only in his official capacity, along with his successors and assigns, whose duties include ensuring timely completion of all requests made by the USCIS for security clearances. The FBI is headquartered at the J. Edgar Hoover Building, 935 Pennsylvania Avenue, N.W., Washington, D.C. 20535-0001.

### IV. BACKGROUND

7. On or about January 28, 2005, Plaintiff filed an Application for Adjustment of Status to U.S. Permanent Residence (Form I-485) with the USCIS under 8 U.S.C. § 1255(a).

8. Plaintiff was at the time of filing, and he remains, fully eligible for adjustment of status to permanent residence pursuant to 8 U.S.C. § 1255(a). The relevant statute, 8 U.S.C. §

1255(a), provides for the adjustment of status to permanent residence of an alien who is inspected and admitted or paroled into the United States if:

(1) The alien makes an application for such adjustment;
(2) The alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence; and
(3) An immigrant visa is immediately available to him at the time his application is filed.

Plaintiff meets all of these criteria.

9. First, Plaintiff applied for Adjustment of Status to Permanent Residence on or about January 28, 2005. Second, Plaintiff is admissible to the U.S. and is not subject to any bars to his admissibility. Plaintiff is currently lawfully present in the United States under L-1A, intra-company transferee, nonimmigrant status. Third, Plaintiff is the beneficiary of an Immediate Relative Immigrant Petition (Form I-130) that seeks his classification as the spouse of a U.S. citizen pursuant to 8 U.S.C. § 1151(b)(2)(A)(i). Due to the extreme importance of uniting U.S. citizens with their spouses, U.S. immigration law provides no numerical limitation for allotment of immigrant visas to immediate relatives. The Plaintiff is immediately eligible for an immigrant visa and has been since the date his adjustment of status application was filed on January 28, 2005. 8 U.S.C. § 1151(b)(2)(A)(i).

10. On or about August 22, 2005[1], Plaintiff was interviewed with his wife in connection with his application for U.S. permanent residence. Exhibit 1 (Adjustment Interview Results, dated August 22, 2005). On that date, Plaintiff provided all applicable evidence showing that he is in a bona fide marriage and that he is eligible for the benefit sought. However,

---

[1] While the USCIS generated notice appended at Exhibit 1, entitled "Adjustment Interview Results," is dated August 22, 2005, the same notice states that Plaintiff was interview on August 23, 2005. As a result, Plaintiff cannot be certain if the interview was on August 22, 2005 or August 23, 2005.

the USCIS agent who conducted the interview provided Plaintiff a notice which states that the adjudication was not completed because the "[s]ecurity check [was] incomplete." Id.

11. The DHS' Notice of Adjustment Interview Results received by Plaintiff further states that Plaintiff's case would be adjudicated within 120 days from August 22, 2005. However, to date, no decision has been rendered on Plaintiff's application.

12. Defendants' delay in adjudicating the application, which has been pending for 40 months and counting, is unreasonable in relation to: (1) Defendants' admission that the case should be adjudicated by December 20, 2005; (2) Defendants' standard processing times for like applications; and, (3) USCIS' own policy concerning adjustment of status applications (Form I-485), that have been pending for more than 180 days due to the security checks in questions.

13. First, as Defendants admit on their Adjustment Interview Results Notice, Plaintiff's case should have been adjudicated within 120 days of the August 22, 2005 notice, or by December 20, 2005. By that measure, Defendants have exceeded their own processing times by nearly 30 months.

14. Second, according to USCIS' posted standard processing dates, as of June 15, 2008, the Kansas City, Missouri District Office, was routinely adjudicating applications to register permanent residence or adjust status applications that were filed on or before July 29, 2007. By that standard processing measure, Plaintiff's application has been pending for almost 30 months beyond the Kansas City Office's standard processing times. Exhibit 2 (Kansas City, Missouri Processing Dates Post June 15, 2008).

15. Finally, USCIS has admitted that a delay of more than six months due to the FBI "name check" is unreasonable. Exhibit 3 (Michael Aytes' Memorandum). On February 4, 2008, USCIS enunciated a policy that if a Form I-485 permanent residence "application is otherwise approvable and the FBI name check request has been pending for more than 180 days, the adjudicator shall approve the I-485 [application]… and proceed with card issuance. The FBI has committed to providing FBI name check results within this timeframe." Exhibit 3 (Michael Aytes' Memorandum). By that measure, Plaintiff's application for permanent residence has been pending for approximately 34 months beyond USCIS' admitted reasonable timeframe.

16. The adjudication of Plaintiff's permanent residence application has been unreasonably delayed *vis a vis* similarly situated individuals and this delay is literally open-ended.

## V. STATUTORY AND REGULATORY FRAMEWORK

17. The APA provides a remedy to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 702, § 704, § 706(1), and § 555(b). See *Liu v. Novak*, 509 F. Supp. 2d 1, 9 (D.D.C. 2007).

18. Action in the nature of mandamus is a remedy available to compel Defendants to perform their mandatory duty to adjudicate Plaintiff's application for adjustment of status.

## VI. CLAIM FOR RELIEF

19. Defendants have unreasonably delayed and failed to perform a mandatory action in adjudicating Plaintiff's application for adjustment of status filed more than 40 months ago, thereby depriving Plaintiff of the benefits of U.S. permanent residence.

20. Defendants are duty bound to adjudicate Plaintiff's application for adjustment of status to

permanent residence and have unreasonably failed to perform these duties.

21. Plaintiff has exhausted any administrative remedies that may exist. No other remedy exists for Plaintiff to resolve Defendants' delay.

WHEREFORE, Plaintiff prays that the Court:

(1) Compel Defendants and those acting under them to perform their duties to adjudicate Plaintiff's application for adjustment of status to permanent residence;

(2) Grant such other and further relief as this Court deems proper under the circumstances; and

(3) Grant attorney's fees and costs of court.

                    Respectfully submitted,

                    /s/ Thomas A. Elliot
                    Thomas A. Elliot, Esquire
                    Elliot & Mayock
                    1666 Connecticut Avenue, N.W.
                    5th Floor
                    Washington, D.C. 20009
                    202-429-1725
                    D.C. Bar No. 259713

Date: June 29, 2008



U.S. Department of Justice
Immigration and Naturalization Service
9747 NW Conant Ave., Kansas City, MO 64153

## ADJUSTMENT INTERVIEW RESULTS

YOUR CASE WILL BE ADJUDICATED WITHIN 120 DAYS FROM TODAY'S DATE OR WITHIN 120 DAYS OF SUBMISSION OF THE REQUESTED DOCUMENTATION. INQUIRIES RECEIVED PRIOR TO 120 DAYS <u>WILL NOT BE ANSWERED</u>.

A 98172728

August 22, 2005

Dear Sir / Madam:

On **AUGUST 23, 2005**, you were interviewed by INS Officer **SICOLI** and were informed that:

☐ Your application for adjustment is pending for fingerprint clearance. As soon as the prints clear, a decision will be made.
☐ Your application for adjustment is continued for insufficient documentation. You must follow the instructions on the attached Form I-72.
☐ Your application is currently under further review; a written decision will be issued as soon as the review is completed
☐ You will be notified for another interview in order to complete the adjudication of your application
☐ Your attorney or legal representative did not appear with you at the interview. You requested to be rescheduled. You and your attorney or legal representative will receive a notice for the next appointment.
☐ The Service could not make a decision on the application because the Petitioner / Beneficiary did not appear for the interview as required. You will be notified for the next interview during which the Petitioner / Beneficiary must appear
☐ You chose to withdraw the Petition / Application at the interview.
☐ No visa number was available at the time of filing; therefore you are statutorily ineligible for adjustment.
☐ A visa number was available at the time of filing, but your situation changed before the interview date which subjects you to a different immigration classification requiring visa allocation currently unavailable. Your application is being held in abeyance until such time a visa number becomes available under the new classification. You are entitled to employment authorization and possibly entitled to permission to travel on Advance Parole, provided that all requirements are met.
☐ At the time of interview, the Service A-file was either unavailable or had not been transferred from another INS office. You will be notified of the decision once the file is located and received.
☐ *Congratulations!* Your application is approved.
  ☐ Your approval letter is attached.
  ☐ You will receive an approval letter. Upon receipt of your approval letter, you may bring your passport into this office for issuance of a temporary stamp as evidence of your approved permanent resident status.

☐ Your file will be forwarded to the Nebraska Service Center in Lincoln, Nebraska for creation of your green card

☒ Other Officer comments: *Security ck. incomplete*

### It is very important that you:
✔ Notify INS if you change your address.
✔ Come to any scheduled interview.
✔ Submit all requested documents.
✔ Send any questions about this application in writing to the officer named above, and include a copy of this letter
✔ Check the visa bulletin to see if a visa number is available.
✔ File for extension of employment authorization and Advance Parole for traveling while your case is pending, if needed



Home   Contact Us   Site Map   FAQ

Search 

Advanced Search

Services & Benefits   Immigration Forms   Laws & Regulations   About USCIS   Education & Resource   Press Room

Print This Page | Back

# U.S. Citizenship and Immigration Services
## Kansas City MO Processing Dates
## Posted June 15, 2008

The processing times shown below are a tool for our customers to gauge our current processing times. When applications and petitions are completed within our target timeframes, that goal will be shown in the data display.

The processing times shown below are for applications that have just been completed. If you have just filed your application, these timeframes may not reflect how long your application will take to be completed. We encourage you to check this page periodically before inquiring about your case. The processing times are updated monthly.

USCIS has received a significant increase in the number of applications filed. In July and August, nearly 2.5 million applications and petitions of all types were received. This compares to 1.2 million applications and petitions received in the same time period last year. This fiscal year, we received 1.4 million applications for naturalization; nearly double the volume we received the year before. The agency is working to improve processes and focus increased resources, including hiring approximately 1,500 new employees, to address this workload.

As a result, average processing times for certain application types may be longer. In particular, naturalization applications filed after June 1, 2007 may take approximately 13-15 months to process.

We offer a variety of services after you file. For example, for most kinds of cases you can check the status of your case online.

For more information about when and how to contact us, whether your case is outside our processing time or if there are other issues, please see our customer guide –

Case Services - How do I... know what kind of services are available to me after I file my application or petition?

District Office Processing Dates for **Kansas City MO** Posted June 15, 2008

| Form | Form Name | Processing Timeframe |
|---|---|---|
| I-131 | Application for Travel Documents | October 06, 2007 |
| I-485 | Application to Register Permanent Residence or Adjust Status | July 29, 2007 |
| I-600 | Petition to Classify Orphan as an Immediate Relative | March 17, 2008 |
| I-600A | Application for Advance Processing of Orphan Petition | March 17, 2008 |
| I-765 | Application for Employment Authorization | September 30, 2007 |
| N-400 | Application for Naturalization | July 15, 2007 |
| N-600 | Application for Certification of Citizenship | December 18, 2007 |

Print This Page | Back

**06-20-2008 10:16 AM EDT**

Home   Contact Us   Privacy Policy   Website Policies   NoFEAR   Freedom Of Information Act   FirstGov

U.S. Department of Homeland Security



U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
*Domestic Operations of Directorate*
Washington, DC 20529

**U.S. Citizenship and Immigration Services**

FEB 4 - 2008

HQ 70/23 & 70/28.1

## Interoffice Memorandum

**TO:** Field Leadership

**FROM:** Michael Aytes
Associate Director, Domestic Operations

**SUBJECT:** Revised National Security Adjudication and Reporting Requirements

**Background**

U.S. Citizenship and Immigration Services (USCIS) conducts background checks on all applicants, petitioners, and beneficiaries seeking immigration benefits. This is done both to enhance national security and to ensure the integrity of the immigration process. USCIS has previously mandated that FBI name checks be completed and resolved before any positive adjudication can proceed on certain form types. This memorandum modifies existing guidance for applications where statutory immigration provisions allow for the detention and removal of an alien who is the subject of actionable information that is received from the FBI or other law enforcement agencies after approval of the application.

USCIS is issuing revised guidance in response to recommendations of the DHS Office of Inspector General (OIG-06-06) regarding the need to align the agency's background and security check policies with those of U.S. Immigration and Customs Enforcement (ICE). The *Background and Security Investigations in Proceedings Before Immigration Judges and the Board of Immigration Appeals* regulations prevent immigration judges and the Board of Immigration Appeals (BIA) from granting benefits to aliens before DHS confirms that all background and security checks have been completed. *See* 8 C.F.R. § 1003.47(g); 8 C.F.R. § 1003.1(d)(6)(i). In the context of removal proceedings, ICE has determined that FBI fingerprint checks and Interagency Border Inspection Services (IBIS) checks are the required security checks for purposes of the applicable regulations. In the unlikely event that FBI name checks reveal actionable information after the immigration judge grants an alien permanent resident status, DHS may detain and initiate removal proceedings against the permanent resident. *See* 8 U.S.C. § 1227; *see also* 8 U.S.C. § 1256 (allowing DHS to rescind an alien's adjustment of status).

**Revised National Security Adjudication and Reporting Requirements**
Page 2

**Revised Guidance**

A definitive FBI fingerprint check and the IBIS check must be obtained and resolved before an Application for Adjustment of Status (I-485), Application for Waiver of Ground of Inadmissibility (I-601), Application for Status as a Temporary Resident Under Section 245A of the Immigration and Nationality Act (I-687), or Application to Adjust Status from Temporary to Permanent Resident (Under Section 245A of Public Law 99-603) (I-698) is approved. USCIS will continue to initiate FBI name checks when those applications are received. Where the application is otherwise approvable and the FBI name check request has been pending for more than 180 days, the adjudicator shall approve the I-485, I-601, I-687, or I-698 and proceed with card issuance. The FBI has committed to providing FBI name check results within this timeframe.

There is no change in the requirement that FBI fingerprint check, IBIS check and FBI name check results be obtained and resolved prior to the adjudication of an Application for Naturalization (N-400).

Pending further guidance regarding post-audit reporting and tracking requirements and modifications to associated quality assurance procedures, applications approved pursuant to this memorandum shall be held at the adjudicating office. If derogatory or adverse information is received from the FBI after the application is approved, USCIS will determine if rescission or removal proceedings are appropriate and warranted.

Subject to the reporting requirements set forth in the February 16, 2007, memorandum titled "FBI Name Checks Policy and Process Clarification for Domestic Operations," an application or petition may be denied, dismissed, administratively closed, withdrawn, or referred to the Immigration Court at any time.

Questions regarding this memorandum should be directed through appropriate supervisory and operational channels. Local offices should work through their chain of command.

Distribution List:
Regional Directors
Service Center Directors
District Directors (except foreign)
Field Officer Directors (except foreign)
National Benefits Center Director

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
GRAVES, Todd Dean

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
SCHARFEN, Jonathan, Acting Director, U.S. Citizenship & Immigration Services
CHERTOFF, Michael, Secretary, U.S. Department of Homeland Security
MUELLER, Robert S., III, Director, Federal Bureau of Investigation

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  11001
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Thomas A. Elliot, Esquire
Elliot & Mayock
1666 Connecticut Avenue, N.W., 5th Floor
Washington, D.C. 20009

ATTORNEYS (IF KNOWN)

Case: 1:08-cv-01152
Assigned To : Robertson, James
Assign. Date : 7/1/2008
Description: Admn. Agency Review

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☒ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)  OR  ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

(●) 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. Section 1361 and 5 U.S.C. Section 701 et seq.

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint   JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 06/24/2008   SIGNATURE OF ATTORNEY OF RECORD _____

7-1-08

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.